```
                    UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT CHARLESTON


HEATHER MILLS and RICHARD
MILLS,

          Plaintiffs,

v.                                         Civil Action No.  2:09-cv-0910

AETNA BUILDING MAINTENANCE,
INC., an Ohio corporation,
and BAYER CROPSCIENCE, LP,
a foreign corporation

          Defendants
```

## MEMORANDUM OPINION AND ORDER

Pending is a Motion to Dismiss filed by defendant Aetna Building Maintenance, Inc. on August 12, 2009.

I.

Plaintiff Heather Mills was an employee of defendant Aetna on January 14, 2009. Plaintiff Richard Mills is Heather Mills's husband. (Compl. ¶¶ 5, 23).

Plaintiffs instituted this action in the Circuit Court of Kanawha County on June 6, 2009. Defendants removed this case to federal court on August 10, 2009, on the grounds of diversity

1

jurisdiction.  (Not. of Removal ¶ 1).

According to the complaint, plaintiff Heather Mills was required to walk down stairs from the middle floor of Aetna's facility to the basement as part of her job duties.  (Compl. ¶ 6).  On January 14, 2009, plaintiff Heather Mills claims that she fell down these stairs and suffered such physical injuries as a fractured wrist, a dislocated pinky finger, a closed head injury, seizures, and permanent brain damage.  Additionally, plaintiff Heather Mills claims that she has incurred medical bills, pain and suffering, mental anguish, loss of enjoyment of life and that she has sustained lost wages.  Plaintiff Richard Mills claims that he has suffered a loss of consortium of his wife. (Compl. ¶¶ 19-23).

Plaintiffs allege that their injuries are results of defendants' actions in maintaining unsafe working conditions.  Specifically, plaintiffs allege that the stairs to the basement lacked guardrails, the stairs violated building codes and safety statutes, and defendants had "subjective and actual realization appreciation" of the unsafe working condition and the risk presented by such condition.  (Compl. ¶¶ 8-10, 16).

In its motion to dismiss, defendant Aetna claims that

2

it is entitled to dismissal because plaintiffs have failed to state a claim upon which relief can be granted.  Aetna argues that plaintiffs' allegations are merely recitations of West Virginia's deliberate intent statute, the claims are conclusory and not supported by operative facts, and under the requirements of <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 (2009) and  <u>Bell Atlantic Corp v. Twombly</u>, 127 S.Ct. 1955 (2007), this case should be dismissed.

## II.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2); <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ."  Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  <u>Twombly</u>, 127 S. Ct. at 1964 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957), <u>overruled on other grounds</u>,

3

Twombly, 127 S. Ct. at 1969)); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007).  Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ."  Twombly, 127 S. Ct. at 1965.  It is now settled that "a formulaic recitation of the elements of a cause of action will not do."  Id.; Giarratano v. Johnson, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not, however, "make a case" against a defendant or even "forecast evidence sufficient to prove an element" of the claim.  Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).  Instead, the opening pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level."  Twombly, 127 S. Ct. at 1965; Ashcroft v. Iqbal, 129 S. Ct. at 1949 (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  Stated another way, the complaint must allege "enough facts to state a claim to relief that is plausible on its face."  Id. at 1974; Giarratano, 521 F.3d at 302. The recent decision in Iqbal provides some guidance concerning the plausibility requirement:

4

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Iqbal,  129 S. Ct. at 1949 (citations omitted).

As noted in Iqbal, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a district court to "'accept as true all of the factual allegations contained in the complaint . . . .'"  Erickson, 127 S. Ct. at 2200 (quoting Twombly, 127 S. Ct. at 1965); see also South Carolina Dept. of Health and Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)).  The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

Plaintiffs' complaint, albeit factually sparse, alleges plaintiffs' specific injuries, the events leading to the injuries, and defendants' acts or failures to act that caused the injuries, namely, the plaintiff Heather Mills was required in the

5

performance of her job to proceed down stairs to the basement on steps that violated applicable building codes and were maintained in an unsafe condition, more particularly in that "there were not guardrails as required by applicable codes." (Compl. ¶¶ 8, 16).

Additionally, although plaintiffs allege in subjective terms with respect to defendants' realization and appreciation of the unsafe condition, it is apparent from the complaint, as well as from plaintiffs' opposition to Aetna's motion to dismiss, that actual knowledge of the unsafe condition is thereby alleged. Moreover, the West Virginia Supreme Court has held that to prove subjective realization and appreciation (now, actual knowledge) on the part of an employer in a deliberate intent claim, a plaintiff must show "that the employer actually possessed such knowledge" of the unsafe condition and the risk associated with it. Blevins v. Beckley Magnetite, Inc., 408 S.E.2d 385, 393 (W. Va. 1991).

In view of all of the allegations in the complaint, the court concludes that the plausibility standard for a deliberate intent claim is met. W. Va. Code § 23-4-2(d)(ii)(2); Iqbal, 129 S. Ct. at 1949-50.

6

It is accordingly ORDERED that Aetna's motion to dismiss be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: September 17, 2009

John T. Copenhaver, Jr.
United States District Judge